BLANCHE C. THIBEAU ET AL *vs.* HOWARD W. THIBEAU.

Aroostook.          Opinion September 25, 1929.

*Hinckley, Hinckley & Shesong,* for plaintiffs.
*H. T. Powers,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

DEASY, J.    The property involved in this suit in equity is one undivided half of the Bayliss Farm, so called, situated in Fort Fairfield.

The plaintiff is Blanche C. Thibeau, widow of John W. Thibeau, deceased. She brings the suit in her own right and also as guardian of her three minor children who are the only children and heirs of said John W. Thibeau.

The defendants are Howard W. Thibeau, brother of John, and also his administrator, and also (joined as defendants) Abbie Thibeau, mother of John and Howard, and also the Federal Land Bank of Springfield and the Fort Fairfield National Bank.

The defendant, Howard W. Thibeau, has the record title to the property in question. The plaintiff claims that Howard holds the property as mortgagee or trustee under a constructive trust and that upon making certain payments she and her children are entitled in equity to a conveyance of it.

The following is an abbreviated statement of the facts and circumstances which form the basis of the plaintiff's claim: The Bayliss Farm was formerly owned by John W. Thibeau and his mother Abbie. In 1917 they gave a mortgage of the entire property to the defendant, Howard Thibeau, securing the sum of eight thousand dollars ($8,000). In 1919 Howard assigned the mortgage to the Fort Fairfield National Bank. In 1922, after John's death which occurred in 1920, the Bank foreclosed the mortgage.

In 1924 after the expiration of the period of redemption the Bank conveyed the property by deed to Howard.

Thus the defendant Howard became the record title holder of the entire property. Thereupon he gave a mortgage to the Federal Land Bank and a second mortgage to the Fort Fairfield National Bank. Until the completion of the foreclosure Howard and the plaintiff occupied the place together, the former operating it as a farm.

In her bill the plaintiff alleges "that the said Howard W. Thibeau repeatedly informed the said Blanche C. Thibeau that it was necessary for said mortgage — to be foreclosed by said Fort Fairfield National Bank, and he constantly assured her that he would protect the rights of the (plaintiffs) after foreclosure of said mortgage."

This allegation is not fully supported by evidence but the plaintiff testifies that "he (Howard) said he would help me keep the

place — see that I did keep it — as long as it was possible for him to do so." Again she testified "He would tell me not to worry, that he would see about it, and it always went that way." Howard testifies—"I think I told her that we would try and save the farm."

Howard did not "help (the plaintiff) keep the place," but acquired it himself.

Without further rehearsing the testimony it is sufficient to say that in view of the quasi fiduciary relation in which Howard stood to the plaintiff, it is apparent that he stands chargeable with constructive if not intentional fraud by reason of which the plaintiff is entitled to relief in equity.

If the bill were to be sustained as a bill to redeem the property from mortgage the amount to be paid would be $8,000, plus interest, less net profits. Equity will not (except under conditions not present in this case) decree redemption of a part of mortgaged property upon payment of a part of a mortgage debt. *Wood* v. *Goodwin*, 49 Me., 260; 19 R. C. L., Pg. 647.

The bill is sustainable as a bill to enforce a trust. The plaintiff and her children have an equitable estate in one-half the Bayliss Farm, which property stands in the name of the defendant, Howard Thibeau.

The plaintiff and her children are entitled, as against Howard Thibeau, to have the legal title to their property upon payment of such part of the debt as should be allocated to their part of the farm.

A single Justice upon hearing and receiving the report of a special master found the amount to be paid to be $3,065.58, with interest at five per cent per annum from April 28, 1928.

This determination is based upon findings of fact.

Every presumption is in favor of the correctness of such findings.

The Law Court perceives no reason for modifying the decree of the single Justice in respect to the amount.

The appeal must, however, be sustained so that a modified decree may be ordered making more certain the plaintiff's remedy.

Decree to be signed by a single Justice sustaining the bill with costs against Howard Thibeau only, and providing that within three months from date of decree the plaintiff shall pay to Howard

Thibeau the sum of $3,065.58 with interest as aforesaid and thereupon he shall deliver to her a deed of one undivided half of the Bayliss Farm conveying title thereto free from the liens of the mortgages from Howard Thibeau to the defendant Banks. Said Howard to pay or satisfy such mortgages in whole or in part so as to obtain such releases as will enable him to convey one undivided half of the premises free from such liens.

If in three months said defendant Howard has not obtained such releases a single Justice upon further hearing shall determine the market value of a clear title to one-half of said Bayliss Farm as of April 28, 1928, and thereupon shall order judgment and execution to issue in favor of the plaintiff against said Howard for the difference between $3,065.58 and said value so found, with interest on such balance at five per cent per annum from April 28, 1928.

The plaintiff by her bill prays that the mortgages given by Howard Thibeau to the defendant Banks may be decreed null and void and of no effect. No evidence in the case justified such decree.

The defendant Howard raises a further point in defense. He says that as his brother's administrator he has paid debts of the deceased largely in excess of the value of the personal estate that came into his hands as administrator, and asks allowance of such amount in this case.

But this court in equity can not adjust the accounts between a decedent's estate and its administrator. Such adjustment belongs to the jurisdiction of the Court of Probate.

> *Bill sustained.*
> *Decree in accordance with this opinion.*